IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

OCT 1 1 2005

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CR. NO. B-00-514-S1-02 |
| | § | |
| JUAN CARDENAS CASTANEDA | § | |

## ORDER AND OPINION

BE IT REMEMBERED that on October 11, 2005, the Court **DENIED** the Defendant's Motion for New Trial [Dkt. No. 162].

### Federal Rule of Criminal Procedure 33

Defendant files this motion pursuant to Federal Rules of Criminal Procedure 33, which provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." The Court should grant a new trial on this ground only "in exceptional cases in which the evidence preponderates heavily against the verdict." *United States v. Sinclair*, 438 F.2d 50, 51 n. 1 (5th Cir. 1971)(*citing* Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Criminal* § 553). In considering a motion for a new trial, the trial court may weigh the evidence and assess the credibility of the witnesses. *United States v. Arnold*, 416 F.3d 349, 360 (5th Cir. 2005). However, the court "may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable." *Id.* (*citing United States v. Robertson*, 110 F.33d 1113, 1118 (5th Cir. 1997)).

## Background

The above-captioned case was tried on August 23, 2005. Defendant was indicted on one count of bank robbery. After four days of trial and a period of deliberation, the jury found the defendant guilty as charged in the indictment. The verdict was unanimous, and the jury was polled. The crime with which the defendant was charged occurred on or about January 22, 1996. Defendant was arrested on March 25, 2005. The length of time between the crime and Defendant's arrest and trial give rise to most of Defendant's arguments.

## Defendant's Arguments

Defendant argues that this Court should grant a new trial because the witness, Maria Castillo, made an out-of-court identification based on the person in the photo array who best resembled the right front passenger. Defendant argues that this selection did not constitute an identification of the person who robbed the bank. Defendant emphasizes that the witness did not identify the defendant in open court.

Additionally, Defendant argues that Defendant's right to a speedy trial was violated by the passage of time between the date of the warrant and the date of Defendant's arrest. Defendant argues that the Government did not exercise due diligence in trying to arrest the defendant.

Finally, Defendant argues that the lack of memory of witnesses testifying to events from over nine years ago constitutes an additional problem with the verdict.

## Analysis

In considering a motion for a new trial, this court is in a unique position to gauge the credibility of witnesses having been able to observe the demeanor of the witnesses at trial. *United States v. Valentine*, 401 F.3d 609, 614 (5th Cir. 2005). With regards to Maria Castillo and her identification of the defendant's photo in the photo array as well

2

as the other witnesses testifying to events that occurred several years ago, the Court finds that the jury's assessment of these witnesses as credible is reasonable in light of the testimony presented at trial.

The right to a speedy trial is assessed by an examination of the timeline of events leading up to the trial as well as the facts of the particular case. To determine whether a defendant's right to a speedy trial has been denied, a court must evaluate and balance four factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's diligence in asserting his Sixth Amendment rights, and (4) prejudice to the defendant resulting from the delay. *United States v. Serna-Villarreal*, 352 F.3d 225, 230 (5th Cir. 2003). The first factor is a triggering mechanism to determine whether the court must balance the remaining three factors. *Id.*(citing *Doggett v. United States*, 505 U.S. 647, 651 (1992)). A one year delay is sufficient to warrant judicial examination of the claim. *Id.* In *Barker v. Wingo*, the Court applied a balancing of the first three factors against the prejudice suffered by the defendant due to delay in prosecution. 407 U.S. 514 (1972). Generally, courts have held that presumed prejudice exists only in cases in which the post-indictment delay lasted at least five years. *Serna-Villarreal* at 232. Additionally, the defendant's acquiescence in the delay weighs against a finding of actual prejudice. *Id.* at 231.

Here, Defendant was originally indicted and an arrest warrant issued in December of 2000. A superceding indictment and a second arrest warrant were issued on July 31, 2001 and August 3, 2001. Both indictments and arrest warrants were sealed. Defendant was arrested on March 25, 2005. This period of time between indictment and arrest is less than five years and thus, does not give rise to presumed prejudice under the *Barker* analysis. Additionally, Defendant signed a waiver of speedy trial on April 21, 2005 and filed or agreed to four motions for continuance between the date of the arrest and the trial date. These facts indicate the defendant's lack of concern with the speedy trial requirements prior to trial. Finally, before trial, Defendant filed an untimely motion to dismiss for violation of the right to a speedy trial. Defendant has not met his burden to demonstrate that the length of delay, reason for delay, and his own diligence weigh so heavily in his favor as to result in a presumption of prejudice

3

against the defendant.

The Court has considered Defendant's arguments in favor of a new trial and concludes that the jury's verdict should stand. Therefore, in the interest of justice, the Court **DENIES** Defendant's Motion for New Trial [Dkt. No. 162].

DONE this 11th day of October, 2005, at Brownsville, Texas.

_____
Hilda G. Tagle
United States District Judge